ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 OCT -9 P 2: 59
CLERK

| | | |
|---|---|---|
| CHARLES D. COLLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 307-013 |
| | ) | |
| PAUL THOMPSON, Warden, and | ) | |
| THURBERT E. BAKER, State Attorney | ) | |
| General, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is currently before the Court on Respondents' motion to dismiss the petition as untimely. (Doc. no. 4). Petitioner opposes the motion. (Doc. no. 8). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that this petition be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondents.

### I. BACKGROUND

On July 9, 2001, Petitioner pled guilty to armed robbery, aggravated assault, possession of cocaine, and possession of a firearm during the commission of a crime. (Doc. no. 6, Ex. 3, p. 1). Petitioner was sentenced to a term of imprisonment of life plus five years.

(Id., Ex. 2, p. 30). Petitioner did not file a direct appeal, but he did file a state habeas corpus petition on July 23, 2003. (Id., Ex. 1, p. 1). After an evidentiary hearing, the state habeas court denied the petition on October 17, 2003. (Id., Ex. 3). Petitioner then filed an application for a certificate of probable cause to appeal to the Georgia Supreme Court, which was denied on September 18, 2006. (Id., Ex. 4). Petitioner then executed the above-captioned petition on March 19, 2007. (Doc. no. 1, p. 9).

Respondents now argue that the above-captioned petition should be dismissed as time-barred under 28 U.S.C. § 2244(d). (Doc. no. 4, p. 1). Petitioner contends that the above-captioned petition should not be dismissed as time-barred because U.S.C. § 2244(b) forced him to exhaust his state remedies prior to filing the petition and 28 U.S.C. § 2244(d)(2) is unconstitutional. (See doc. no. 8, pp. 2-8). The Court resolves the dispute as follows.

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**A.  Finality of Petitioner's Conviction**

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Thus, Petitioner's conviction became "final" when the thirty (30) day period to appeal provided for by O.C.G.A. § 5-6-38(a) expired. As Petitioner pleaded guilty and was sentenced in July of 2001, the 30-day time-period, set forth under § 5-6-38(a), in which Petitioner could appeal began at that time. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Thus, for the purpose of determining the timeliness of the above-captioned petition, the Court will presume that Petitioner's conviction became final in August 2001.

## B. Application of the Statute of Limitations

Under the AEDPA, Petitioner had one year from August 2001, to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Nevertheless, by the time Petitioner filed his state habeas corpus petition in July 2003, the one-year statute of limitations for filing a federal habeas corpus petition had long-since expired. Therefore, this statutory tolling provision of the AEDPA is of no help to Petitioner because he did not commence state habeas proceedings until after the one-year period had expired for filing a federal habeas petition, and therefore, no time period remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

The AEDPA also describes three other situations which may delay or reset its one-year statute of limitations: where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; where the State has created some "impediment" to filing the application; or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B), (C), and (D) (quoted *supra*). Here, Petitioner arguably asserts one of these possibilities for statutorily extending his federal filing deadline. Petitioner argues that 28 U.S.C. § 2244(b) forced him

to "exhaust his state court remedies before proceeding to federal court to pursue his federal constitutional claims." (Doc. no. 8, p. 2). As such, Petitioner submits that 28 U.S.C. § 2244(b) amounts to an unconstitutional impediment that prevented him from timely pursuing federal habeas corpus relief because § 2244(d)(2)[1] "intrude[s] into the domain of Georgia's post-conviction habeas corpus timeliness rule" by barring federal habeas corpus petitions asserting claims timely presented in state habeas corpus petitions.[2] (See id. at 7-8). However, there is simply nothing in the record to suggest that the State put up an unconstitutional or otherwise illegal impediment to Petitioner filing for state habeas corpus relief, which, if filed within the AEDPA's one-year statute of limitations period for filing a federal habeas petition, would have tolled the limitations period for the above-captioned petition. Because Petitioner had the opportunity to file his state habeas corpus petition and thereafter timely file the above-captioned petition, the State did not create an impediment for Petitioner to timely file the above-captioned petition.

---

[1] In Petitioner's response to the motion to dismiss, he states, "28 U.S.C. Section 2244(d)(1)(A)(2) is fundamentally unfair" and "this Court should rule that Section 2244(d)(1)(A)(2) violates due process . . . ." (Doc. no. 8, pp. 7 & 8). As Petitioner's discussion of "28 U.S.C. Section 2244(d)(1)(A)(2)" relates to the application of the one-year statute of limitations while Petitioner sought state habeas corpus relief, the Court presumes that he is in fact referencing 28 U.S.C. § 2244(d)(2). Furthermore, it appears that Petitioner has misinterpreted 28 U.S.C. § 2244(d)(2) to require that his AEDPA clock run during the time period in which he pursued state habeas relief. (See id.).

[2] In Georgia, petitioners challenging felony convictions have four years from the date that the conviction became final to timely file a state habeas corpus petition. O.C.G.A. § 9-14-42(c). Thus, federal habeas corpus petitions filed by Georgia inmates challenging state felony convictions may be time-barred, despite the fact that the inmates have timely filed their state habeas corpus petitions.

5

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not alleged any extraordinary circumstances to justify equitable tolling,[3] nor has he presented any arguments to support a claim of actual innocence,[4] Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that this petition be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondents.

SO REPORTED and RECOMMENDED this ___ day of October, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]"Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

[4]A claim of actual innocence may warrant consideration of an otherwise untimely federal petition. Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).