IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CHARLES D. COLLINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 307-013 |
| ) | |
| PAUL THOMPSON, Warden, and ) | |
| THURBERT E. BAKER, State Attorney ) | |
| General, ) | |
| ) | |
| Respondents. ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 11).

Respondents moved to dismiss the above-captioned petition, arguing that it was untimely under 28 U.S.C. § 2244(d). (Doc. no. 4, p. 1). Petitioner opposed the motion on the grounds that the applicable one-year statute of limitations is unconstitutional. (See doc. no. 8, pp. 2-8). The Magistrate Judge agreed with Respondents and recommended dismissal of the petition as time-barred by the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. no. 9).

Petitioner's objections state, "The only question for this Court to decide under the case of Bordenkircher v. Hayes, 434 U.S. 357, 368, 98 S. Ct. 663 (1978) is whether 28 U.S.C. Section 2244(d)(1) violates the Due Process Clause of the 14th Amendment since the

statute intrude[s] into the domain of Georgia's post-conviction habeas corpus timeliness rule . . . ."[1] (Id. at 2). Specifically, Plaintiff argues that the AEDPA's one-year statute of limitations is unconstitutional because it:

> punish[es] Georgia's state pro se litigants by time barring their federal [c]onstitutional claims . . . just because Georgia's habeas corpus pro se litigants has [sic] done what state law had required them to do, which is . . . pursue their federal constitutional claims in state court . . . within four (4) years after their felony conviction becomes final . . . ."

(Id. at 2-3). As such, Petitioner submits that the AEDPA's statute of limitation should not begin to run until the expiration of Georgia's four-year statute of limitations. (Id. at 3-4).

Petitioner's objections are without merit. Clearly, the purpose of the AEDPA's statute of limitations is not to punish federal habeas petitioners, but rather, to "encourage litigants . . . to file their federal habeas petitions *as soon as possible*." Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1083 (2007) (quoting Duncan v. Walker, 533 U.S. 167, 179 (2001)). Nevertheless, Petitioner was not penalized for relying on his legal right to challenge his felony conviction in the state's habeas court within the four years following the date that

---

[1] In Bordenkircher, the Supreme Court affirmed the district court's dismissal of a federal habeas petition alleging that the petitioner's due process rights were violated when the state prosecutor carried out a threat made during plea negotiations to reindict the petitioner on a more serious charge, if he did not plead guilty to the original charge. Bordenkircher, 434 U.S. at 365. As the Supreme Court explained,

> To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort . . . and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.' But in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer.

Id. at 363 (citations omitted).

his conviction became final. Although Georgia affords its habeas petitioners four years to challenge their felony convictions, these petitioners are free to file, or not file, their state habeas petitions within the year following the date their convictions become final.[2] Like the petitioner in <u>Bordenkircher</u>, who was free to either accept or reject the prosecutor's offer, Petitioner was also free to file, or not file, his state habeas petition within the AEDPA's statute of limitations. As such, there is no element of punishment or retaliation in the AEDPA's one-year statute of limitations, which potentially time-bars federal habeas corpus petitions filed by Georgia inmates, who may have timely filed their state habeas corpus petitions. Thus, dismissal of this § 2254 petition as time-barred does not constitute a violation of Petitioner's due process rights.

Accordingly, the R&R of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Respondents' motion to dismiss is **GRANTED**, the above-captioned petition is **DISMISSED**, and a final judgment of dismissal shall be **ENTERED** in favor of Respondents.

SO ORDERED this 31 day of January, 2008.

JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

---

[2] As the Magistrate Judge explained, the AEDPA's statute of limitations does not run while a properly filed application for state post-conviction or other collateral relief is pending in state court. (Doc. no. 9, p. 4 (citing <u>Jones v. Nagle</u>, 349 F.3d 1305, 1307 (11th Cir. 2003))). Thus, if Petitioner had filed his state habeas petition in the year following the date his conviction became final, the AEDPA's statute of limitations would have been tolled during the pendency of the state proceedings. However, because Petitioner freely chose to wait until after the AEDPA's statute of limitations had expired to pursue state habeas relief, the AEDPA's tolling provision was of no assistance.